# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2328 | **DATE** | 7/2/2003 |
| **CASE TITLE** | | Cooper vs. Potter | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on ____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Before the court is Defendant's Motion for Summary Judgment [16-2]. For the reasons stated on the attached order, Defendant's motion [16-2] is granted. The clerk shall enter judgment for Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

*Charles R Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✔ | Docketing to mail notices. | |
| ✔ | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

JUL 07 2003
date docketed

docketing deputy initials

**Document Number**

U.S. DISTRICT COURT

date mailed notice

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

CONSTANCE A. COOPER )
)
Plaintiff, ) No. 02 C 2328
)
vs. ) Honorable Charles R. Norgle, Sr.
)
JOHN E. POTTER, Postmaster )
General, )
)
Defendant. )

DOCKETED
JUL 0 7 2003

## OPINION AND ORDER

Before the court is Defendant's Motion for Summary Judgment brought pursuant to Federal

Rule of Civil Procedure 56. For the following reasons, Defendant's motion is granted.

### I. INTRODUCTION[1]

In 1981, Plaintiff, Constance A. Cooper, began working as a Distribution Clerk at the United

States Postal Service ("Postal Service"). In 1986, Cooper resigned from the Postal Service citing

"personal reasons" as her reason for leaving. In December 1990, Cooper returned to the Postal

Service as a part-time Mail Processor.

In March of 1992, Cooper was admitted to Hartgrove Hospital in Chicago, Illinois and

diagnosed with Single Episode Major Depression with Melancholia ("Depression") and Post

Traumatic Stress Disorder ("PTSD"). As a result of Cooper's medical condition, she did not report

to the Postal Service for duty for several months. On June 10, 1992, the Postal Service terminated

Cooper's employment for being absent without leave ("AWOL") for the period of February 1992

---

[1]The court construes all disputed facts and reasonable inferences to be drawn therefrom in
favor of Plaintiff Cooper, the non-movant. See Fed. R. Civ. P. 56(c).

1



through June 1992. Cooper did not appeal her 1992 termination with the Postal Service or assert any allegations of malfeasance against the Postal Service at the time.

In late 1997, Cooper applied for reinstatement to the Postal Service as a City Mail Carrier at the Chicago Post Office. The Postal Service did not select Cooper for the position and Cooper does not know the identities of those individuals who were selected. Cooper failed to appeal her 1997 non-selection for the City Mail Carrier position.

In July of 1998, Cooper again applied for employment with the Postal Service. On October 1, 1998, Cooper took the Postal Service Entrance Exam and was placed on an eligibility list of potential applicants. During the application process, Cooper did not disclose that she had any handicap or disability, or that she had any history of having a handicap or disability. Cooper also failed to disclose that she had been fired from the Postal Service in 1992 for being AWOL. However, Cooper did state in the medical section of her application that she was removed from the Postal Service in 1992 for "medical reasons." The Postal Service did not hire Cooper for any of the positions for which she applied during 1998.

On September 3, 1998, Cooper filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age and disability discrimination due to the Postal Service's failure to reinstate her to an agency position. On November 17, 1999, Cooper received a hearing before an EEOC Administrative Law Judge ("ALJ"). At the hearing, Cooper testified that she did not consider herself to be disabled to the extent that she could not perform the activities required of the positions for which she applied. Cooper also testified that she received a notice from the Social Security Administration informing her that she was no longer entitled to disability benefits due to a physician's determination that she was no longer disabled. Additionally, Cooper admitted that she

2

had no evidence to support her allegation that she was illegally denied employment by the Postal Service because of her age.

At the same hearing before the ALJ, the Manager of Human Resources for the Chicago Performance Cluster of the Postal Service, John Richardson, testified that while he was aware that Cooper had applied for reinstatement to the Postal Service, he was unaware of Cooper's age or handicap status at the time Cooper's 1998 application was denied.[2] Postal Service regulations generally bar reinstatement or employment of those employees removed from Postal or other federal employment "for cause." Richardson testified that Cooper's 1998 non-selection was consistent with Postal Service regulations because she had previously been fired "for cause" in 1992.

On March 12, 2002, the EEOC denied Cooper's claim for age and disability discrimination and issued a Notice of Right to Sue. On April 1, 2002, Cooper filed a Pro Se Complaint with this court alleging that the Postal Service violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"),[3] when it refused to reinstate her to an Agency position.

-------

[2]Cooper disputes this fact and provides evidence showing that she attached medical history documentation to her 1998 application for reinstatement. (Pl.'s LR56.1, Ex. 5.) Thus, for purposes of this motion only, the court concludes that the Postal Service was aware of Cooper's 1992 Depression and PTSD diagnosis at the time it made the decision to deny her 1998 application. See Fed. R. Civ. P. 56(c); see also Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000).

[3]Although Cooper marked the box indicating a violation of the ADA in her Complaint, Section 505(a)(1) or the Rehabilitation Act provides the exclusive remedy for a claim alleging that a federal agency discriminated against a disabled employee or job applicant. See Brown v. Potter, No. 02-2748, -- F.3d --, 2003 App. LEXIS 11161, at *4 (7th Cir. Jun. 2, 2003) (assuming that postal employee's disability discrimination claim was brought pursuant the Rehabilitation Act when employee failed to cite statutory authority for claim in her Complaint); see also Hamm v. Runyon, 51 F.3d 721, 722 n.1 (7th Cir. 1995). As such, the court construes Cooper's disability discrimination claim in her Complaint to allege a violation of the Rehabilitation Act.

3

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and. . .the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Arizona v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, No. 02-3373, -- F.3d --, 2003 U.S. App.

4

LEXIS 7921, at *11 (7th Cir. April 25, 2003) (citing <u>Lujan v. Nat'l Wildlife Federation</u>, 497 U.S. 871, 888-89 (1990)).

## B. Establishing Proof in an Employment Discrimination Case

In order for Cooper to prove age or disability discrimination, she must present either direct or indirect evidence of her claims. <u>See Robin v. Espo Engineering Corp.</u>, 200 F.3d 1081, 1088 (7th Cir. 2000). If Cooper cannot present direct evidence to establish the discrimination claim, she may attempt to prove her case indirectly with circumstantial evidence using the familiar <u>McDonnell Douglas</u> burden-shifting method. <u>See id.</u> (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973)).

The <u>McDonnell Douglas</u> method of proof entails three steps. <u>See Robin</u>, 200 F.3d at 1088. First, the plaintiff must establish a prima facie case of employment discrimination. <u>See id.</u> If the plaintiff successfully presents a prima facie case, a presumption of discrimination arises and the burden then shifts to the defendant to offer evidence of a legitimate, nondiscriminatory reason for taking an adverse employment action against the plaintiff. <u>See id.</u> "[T]he plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."<u>Baron v. City of Highland Park</u>, 195 F.3d 333, 339 (7th Cir. 1999) (citing <u>Wilson v. AM Gen. Corp.</u>, 167 F.3d 1114, 1119-20 (7th Cir. 1999)).

In this case, Cooper offers no direct evidence of age or disability discrimination. Thus, the court will analyze Cooper's claims under the <u>McDonnell Douglas</u> burden-shifting method. The court will first determine whether Cooper has established a prima facie case of employment discrimination under the ADEA or the Rehabilitation Act.

### 1. Cooper's Age Discrimination Claim

The ADEA prohibits age discrimination in employment against individuals who are forty or more years of age. See 29 U.S.C. §§ 623(a) and 631(a). The purpose of the ADEA is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). Further, the ADEA does not "prohibit unfairness or wrongheaded decisions in the workplace[,]" Johnson v. Hondo, Inc., 125 F.3d 408, 415 (7th Cir. 1997), and it is well established that an ADEA plaintiff cannot prevail if his employer "honestly believed in the nondiscriminatory reason it offered, even if the reason is foolish or trivial or even baseless." Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 809 (7th Cir. 1999). Moreover, "[a] plaintiff seeking relief under the ADEA must establish that he would not have been treated adversely by his employer 'but for' the employer's motive to discriminate against him because of his age." Baron, 195 F.3d at 338 (citing O'Connor v. DePaul Univ., 123 F.3d 665, 669 (7th Cir. 1997)). To establish a prima facie case of discrimination under the ADEA, Cooper must demonstrate that: (1) she is a member of the protected class of persons over forty years of age; (2) she was qualified for the positions to which she applied; (3) she was not hired for those positions; and (4) similarly situated younger employees were treated more favorably. See Wolf v. Buss (Am.) Inc., 77 F.3d 914, 919 (7th Cir. 1996).

Cooper fails to establish a prima facie case of age discrimination under the ADEA for two reasons. First, Cooper has not shown that she was qualified for the positions to which she applied for reinstatement. Although Cooper received adequate examination scores, she did not qualify for reinstatement to the Postal Service because of her past employment record. The Postal Service has

6

an established policy of generally not reinstating employees who were previously fired "for cause." In 1992, Cooper was fired "for cause" for being AWOL for a period of several months. Although Cooper now disputes the Postal Service's reason for her 1992 termination, she has waived the right to raise the issue in this case. See Clark v. Runyon, 116 F.3d 275, 276 (7th Cir. 1997) (Postal employee's failure to timely contact an EEO counselor within 45 days of an alleged discriminatory act bars employee from filing suit).

Second, Cooper fails to establish a prima facie case of age discrimination under the ADEA because she does not show that similarly situated younger employees were treated more favorably. Cooper testified in her deposition that she does not know the names or ages of any of the individuals hired for the positions for which she applied in 1998. See Def.'s LR56.1, Ex. 1, at 26, 27. Cooper also fails to present any evidence of the Postal Service reinstating similarly situated younger applicants who were fired for "cause." Absent such a showing, Cooper cannot establish a prima facie case of age discrimination under the ADEA. See Balderston v. Fairbanks Morse Engine Division of Coltec Industries, 328 F.3d 309, 322 (7th Cir. 2003); see also Bennington v. Caterpillar Inc., 275 F.3d 654, 660 (7th Cir. 2001).

**2. Cooper's Disability Discrimination Claim**

The Rehabilitation Act of 1973 provides a private right of action for federal employees alleging employment discrimination on the basis of a disability. 29 U.S.C. § 794(a); Stein v. Ashcroft, 284 F.3d 721, 724 (7th Cir. 2002). Absent direct evidence of discriminatory intent on behalf of the employer, a plaintiff suing under the Rehabilitation Act may rely on the McDonnell Douglas burden-shifting method to establish indirect evidence of discrimination. Tyler v. Runon, 70 F.3d 458, 467 (7th Cir. 1995); Bultmeyer v. Fort Wayne Comm. Schools, 100 F.3d 1281, 1283

(7th Cir. 1996). In order for a plaintiff to establish a prima facie case of disparate treatment under the Rehabilitation Act, she must demonstrate that: (1) she has a disability within the meaning of the statute; (2) she was a qualified individual who could perform the essential functions of the job in question with or without accommodation; and (3) she was excluded or discharged from the position solely because of her handicap. Bultmeyer, 100 F.3d at 1283; Randle v. Bentsen, 19 F.3d 371, 374 (7th Cir. 1994).

To establish a prima facie case under the Rehabilitation Act, Cooper first "must meet the threshold burden of establishing that [s]he is 'disabled' within the meaning of the statute." See Roth v. Lutheran General Hosp., 57 F.3d 1446, 1454 (7th Cir. 1995). A person is disabled if [s]he: (1) "has a physical or mental impairment which substantially limits one or more of her major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment by the person's employer." Peters v. City of Mauston, 311 F.3d 835, 842 (7th Cir. 2002).

In this case, Cooper has not met the burden of establishing that she is disabled within the meaning of the Rehabilitation Act. Cooper fails to show that she has a physical or mental impairment which substantially limits one or more of her major life activities. The Seventh Circuit has defined major life activities as "functions, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." Roth, 57 F.3d at 1454. In Cooper's EEOC hearing before the ALJ, Cooper testified that she did not consider herself to be disabled to the extent that she could not perform the activities required of the positions for which she applied. See Def.'s LR56.1, Ex. 2, at 25-26. Such an admission shows that Cooper does not have a physical or mental impairment which substantially limits one or more of her major life activities. Furthermore, Cooper fails to present any evidence in support of her theory that her mental

8

impairment precludes her from working a broad class of jobs. Absent such a showing, Cooper is not entitled to relief under the Rehabilitation Act. See Stein, 284 F.3d at 725.

Cooper also fails to present evidence showing that she had a record of having such an impairment that would constitute a disability under the Rehabilitation Act, or that the Postal Service regarded her as having such an impairment. Cooper asserts that the Postal Service discriminated against her when it denied her 1998 employment application because it knew she was diagnosed with Depression and PTSD in 1992. Even if this were true, Cooper fails to produce evidence showing that either ailment qualifies as a disability under the Rehabilitation Act. See Byrne v. Avon Prod., No. 02-2629, – F.3d –, 2003 U.S. App. LEXIS 8755, at *4 ("[i]nability to work for a multi-month period removes a person from the class protected by the ADA."). Cooper's own self-serving statements and conclusory allegations are not enough to defeat a motion for summary judgment. See Thomas, 2003 App. LEXIS 7921, at *11; see also Rand v. CF Indus., Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

To determine whether a violation of the Rehabilitation Act occurs in the employment context, the court looks to the standards applied under the ADA. Peters, 311 F.3d at 842 (citing Vande Zande v. State of Wis. Dept. of Admin., 44 F.3d 538, 542 (7th Cir. 1995)). The Supreme Court has held that when determining whether an ailment is a disability under the ADA, the Court will consider corrective measures in its determination. Sutton v. Untied Airlines, Inc., 527 U.S. 471, 488-89 (1999). Cooper fails to provide any evidence establishing that her Depression or PTSD could not be corrected with medication or other treatments. Additionally, Cooper testified in her deposition that she was only hospitalized for Depression and PTSD once in April 1992, and that she has not taken any medication for these or any other conditions since June 1992. Thus, Cooper fails to show

that she had a record of having an impairment that would qualify as a disability under the Rehabilitation Act, or that the Postal Service perceived her as having such an impairment. As a result, Cooper fails to establish a prima facie case of discrimination under the Rehabilitation Act and the Postal Service is entitled to summary judgment. Tyler v. Runon, 70 F.3d at 467-68.

Furthermore, even if Cooper could show that she is disabled under the Rehabilitation Act, she still cannot establish a prima facie case because she does not present evidence showing that she was excluded or discharged from the position solely because of her handicap. See Randle, 19 F.3d at 374. The record in this case shows that the Postal Service has a policy generally prohibiting the reinstatement of federal employees who were previously fired "for cause." Cooper was fired "for cause" in 1992. Thus, even if the Postal Service considered Cooper's history of Depression and PTSD when making their decision, Cooper still has not shown that she was not reinstated partly because of her previous "for cause" termination. See Randle, 19 F.3d at 374-75 (employee must prove that the adverse employment action was based solely on his handicap to establish a prima facie case of disability discrimination).

## C. Cooper's Pretext Inquiry

Although the court concludes that Cooper fails to establish a prima facie case of employment discrimination under both the ADEA and the Rehabilitation Act, with an abundance of caution, the court will next consider whether the Postal Service's stated reason for Cooper's non-selection was a pretext for employment discrimination.

To defeat a motion for summary judgment Under the McDonnell Douglas approach, Cooper has the burden of proving that the Postal Service's proffered reason for her non-selection was a pretext for employment discrimination. See Wilson, 167 F.3d at 1119-20. "Pretext 'means a lie,

specifically a phony reason for some action.'" Milbrook v. IBP, Inc., 280 F.3 1169, 1175 (7th Cir. 2002) (quoting Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir. 1995)). The focus on the pretext inquiry is on the honesty of the employer's stated reason for the termination, not the accuracy. Tincher v. Wal-Mart Stores, Inc., 118 F.3d 1125, 1129 (7th Cir. 1997). The court does not sit as a "superpersonnel department" reexamining the propriety of every employment decision. Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000). Instead, the court's only concern is whether "the legitimate reason provided by the employer is in fact a true one." Id.

Here, the Postal Service articulates a legitimate, non-discriminatory reason for its refusal to reinstate Cooper; that being its policy of generally prohibiting the reinstatement of those federal employees previously fired "for cause." On June 10, 1992, Cooper was fired "for cause" because she was AWOL over a period of several months. The Postal Service claims that this fact alone was a sufficient basis for Cooper's 1998 non-selection. Therefore, the burden shifts to Cooper to show by a preponderance of the evidence that the Postal Service's stated reason for her non-selection was a pretext for employment discrimination. See Baron, 195 F.3d 339.

Cooper fails to meet her burden because she does not provide any evidence showing that the Postal Service's stated reason for her non-selection was untrue. Cooper provides no evidence refuting the existence of the Postal Service's policy, nor does she offer evidence showing that the Postal Service does not enforce its stated policy. In fact, Cooper offers evidence of other employees (ages unknown) who were similarly denied reinstatement with the Postal Service. Pl.'s LR56.1, Ex. 17-21. But this evidence only strengthens the Postal Service's position. Similarly, John Richardson testified that he has never approved reinstatement of applicants who were fired "for cause" and Cooper offers no evidence to refute this assertion. Additionally, Cooper testified before the EEOC

that she had no evidence showing that the Postal Service denied her employment because of her age. Def.'s LR56.1, Ex. 2, at 24. Absent such evidence, Cooper cannot prevail on her employment discrimination claims. See Brummett v. Lee Enterprises, Inc., 284 F.3d 742, 745 n.1 (7th Cir. 2002).

As a result, Cooper fails to overcome her burden under the McDonnell Douglas pretext inquiry and the Postal Service is entitled to summary judgment on Cooper's employment discrimination claims. See id.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56 is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: _____7-2-03_____